### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| HILDA MCCURDY, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case Number: 1:23-cv-18 |
| | ) |
| JOHNSON & JOHNSON, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## DEFENDANT JOHNSON & JOHNSON'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO STAY DISCOVERY

Defendant Johnson & Johnson ("J&J") respectfully submits this Memorandum of Law in support of its Motion to Stay Discovery filed contemporaneously herewith.

## BACKGROUND

1. On June 6, 2023, *pro se* Plaintiffs filed a "Complaint for Damages for Negligence and for Breach of Warranty" ("Amended Complaint") against J&J [Doc. No. 14].

2. In their *pro se* Amended Complaint, Plaintiffs bring this inadequately pled lawsuit alleging that their use of "Johnson & Johnson Baby Powder" caused them to develop ovarian cysts. (Amended Complaint at IV-VII.) In addition, Plaintiff Babet McCurdy Benjamin further alleges that "Johnson & Johnson Baby Powder" caused her to develop "cystic breast changes" and "may have" contributed to her "conception issues" and "complications with carrying pregnancy to term." (*Id.* at VII.)

3. On June 20, 2023, J&J filed a Motion to Dismiss Plaintiffs' Amended Complaint. ("Motion to Dismiss") [Doc. No. 15]. J&J's Motion to Dismiss requests dismissal of Plaintiffs' claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs

have failed to plead facts necessary to state a plausible negligence, products liability, or breach of implied warranty of fitness for a particular purpose claim.

4. Plaintiffs have not filed a response to J&J's Motion to Dismiss.

## **ARGUMENT**

### I. This Court Has Authority to Issue an Order Staying Discovery.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Rule 26 underscores the well settled principle that "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *See Ainger v. Great Am. Assurance Co.,* No. 1:20-cv-00005-WAL-EAH, 2022 U.S. Dist. LEXIS 138806, at *16 (D.V.I. Aug. 4, 2022) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). Indeed, "matters of docket control and the conduct of discovery have long been 'committed to the sound discretion of the district court.'" *Id.* (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3rd Cir. 2011)). "That discretion extends to decisions by U.S. Magistrate Judges. *Id.* at *16-17 (citing *Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011). Notably, "it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3rd Cir. 2010).

A stay of discovery is particularly appropriate when there is a pending dispositive motion that will dispose of or narrow the issues in the case. *See Ainger,* 2022 U.S. Dist. LEXIS 138806, at *28-29 (granting motion to stay discovery pending the outcome of the defendants' dispositive motion); *Mann*, 375 F. App'x at 239-40 (affirming the district court's decision to stay discovery pending resolution of motions to dismiss); *London v. Beaty*, 612 F. App'x 910, 916 (10th Cir.

2

2015) ("[Plaintiff] is not entitled to file a bare-bones complaint and fill in those facts after discovery is complete."); *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011) ("Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance [s]ome facts might exist which could support a plausible claim."); *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 56 (1st Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007)) ("[B]ecause the high cost of litigation can scare defendants into settling even a weak case pre-summary judgment, a claim must have some degree of plausibility before the parties are put through their discovery paces."); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 370 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 558) (warning against ignoring "*Twombly*'s interest in 'insist[ing] upon some specificity in pleading *before* allowing a potentially massive factual controversy to proceed' to an 'inevitably costly and protracted discovery phase'") (emphasis added); *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 909 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 558-59) ("[D]istrict courts must assess the plausibility of [a complaint] *before* parties are forced to engage in protracted litigation and bear excessive discovery costs") (emphasis in original); *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 39 (1st Cir. 1992) ("[I]t is only *after* stating a valid claim that a plaintiff can insist upon a right to discovery . . . . If this were not so, a party entirely lacking in a cause of action could sue first and then 'fish' to see if he could discover a cause of action.") (emphasis added).

Courts in this Circuit weigh four factors when deciding whether to grant a stay of discovery after a dispositive motion has been filed:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of a stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial

date has been set.

*Ainger*, 2022 U.S. Dist. LEXIS 138806, at *8-9 (citation omitted).

## II.   A Stay of Discovery Is Warranted In This Case.

Under these standards and applying the four factors set forth above, a stay of discovery is warranted here.

First, a short stay of discovery will not unduly prejudice or present a clear tactical disadvantage to Plaintiffs. There is no indication that a delay in discovery would prejudice the ability of Plaintiffs to develop their case against J&J. Indeed, staying discovery until there is a ruling would conserve time and resources for *all* parties.

Second, and on the contrary, failing to stay discovery and allowing Plaintiffs to rush into merits discovery would create a clear case of hardship or inequity for J&J. Without a stay, J&J may be required to respond to discovery *before* the Court has a chance to rule on its Motion to Dismiss. Aside from the allegations, as pled, being too vague and speculative to meaningfully engage in relevant discovery, if the Court agrees with the arguments made in J&J's Motion to Dismiss, J&J will have expended significant time, expense, and resources responding to discovery requests and pursuing discovery that may no longer be relevant to this case.

Third, a favorable ruling on any of the arguments made in J&J's Motion to Dismiss will simplify the issues and the trial of the case or eliminate Plaintiffs' claims completely. As set forth fully in the Motion to Dismiss, Plaintiffs fail to satisfy the baseline pleading requirements of Rules 8(a) and 12 of the Federal Rules of Civil Procedure, as articulated by the United States Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. lqbal,* 556 U.S. 662 (2009). Indeed, Plaintiffs fail to allege *any* viable cause of action against J&J. Plaintiffs vaguely allege that JOHNSON'S® Baby Powder "was defective and dangerous" and that the use of this product was

the "legal (proximate) cause" of their alleged injuries," but they allege no facts that adequately plead any cause of action under the law of the United States Virgin Islands. Indeed, Plaintiffs' Amended Complaint does not include any factual allegations that JOHNSON'S® Baby Powder causes, or has even been associated with, the injuries Plaintiffs allege they have experienced (ovarian cysts, "cystic breast changes," and "conception issues"). Instead, the Amended Complaint appears to be been largely copied from other complaints filed in lawsuits alleging that JOHNSON'S® Baby Powder causes ovarian cancer—a condition Plaintiffs do not allege they have. Even giving the most generous interpretation to Plaintiffs' *pro se* Complaint, Plaintiffs still have failed to state a plausible claim for relief against J&J. Moreover, as of the date of this filing, Plaintiffs have not even filed a response to J&J's Motion to Dismiss. Thus, if this Court grants any part of J&J's Motion to Dismiss, Plaintiffs' claims will be either narrowed or dismissed entirely.

Fourth, discovery has not yet commenced and a trial date has not yet been set. This factor undisputedly weighs in favor of granting a stay of discovery.

## CONCLUSION

Accordingly, J&J respectfully requests that the Court stay discovery until it has ruled on J&J's Motion to Dismiss Plaintiffs' Amended Complaint.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
Attorneys for Defendant
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: September 28, 2023    By:    /s/ Carl A. Beckstedt III
Carl A. Beckstedt III, Esq.
VI Bar No. 684
Carl@beckstedtlaw.com

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such electronic filing (NEF) to all parties through their counsel of record.

I have also served a true and correct copy of this filing upon Hilda McCurdy, Pro Se, and Babet McCurdy Benjamin, Pro Se, as indicated below:

Via Email and United States Postal Service Certified Mail—Return Receipt Requested:

    Hilda McCurdy, Pro Se
    Babet McCurdy Benjamin, Pro Se
    P.O. Box 1425
    Frederiksted, VI 00841
    hildaruthjames@gmail.com

/s/ Carl A. Beckstedt III